1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  NEAL FOSTER,                          No. 2:11-cv-00735-MCE-DAD

12          Plaintiff,

13      v.                                MEMORANDUM and ORDER

14  WELLS FARGO BANK, N.A., a
    California Corporation;
15  CAL-WESTERN RECONVEYANCE
    CORPORATION, a California
16  Corporation, NDEX WEST, LLC,
    Delaware Corporation and
17  DOES 1-1000,

18          Defendants.

19                        ----oo0oo----

20      Through this action, Plaintiff Neal Foster ("Plaintiff")

21  seeks redress for the alleged fraud and deceit of Defendants

22  Wells Fargo Bank ("Wells Fargo"), Cal-Western Reconveyance

23  Corporation ("Cal-Western"), and NDEX West ("NDEX") in connection

24  with the trustee sale of a second mortgage to Plaintiff.

25  Plaintiff originally filed his complaint in Yolo County Superior

26  Court.  Wells Fargo removed the action to this Court based on

27  diversity jurisdiction. However, complete diversity between the

28  parties opposed in interest does not exist.

                                1

1    It is fundamental that federal courts are courts of limited

2  jurisdiction.  Vacek v. United States Postal Serv., 447 F.3d

3  1141, 1145 (9th Cir. 2006).  Regardless of whether the issue is

4  raised by the parties, a district court has a duty to consider

5  the basis of subject matter jurisdiction sua sponte.  United

6  Investors Life Ins. v. Waddell & Reed Inc., 360 F.3d 960, 966-67

7  (9th Cir. 2004).  See also Fed. R. Civ. P. 12(h)(3).  There is a

8  "strong presumption" against removal jurisdiction, and the

9  defendant bears the burden of establishing that removal is

10  proper.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

11  As a result, defendants must affirmatively allege the basis of

12  diversity jurisdiction in the notice of removal.  Kanter v.

13  Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001).

14  Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) requires

15  complete diversity of citizenship between the parties opposed in

16  interest.  Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir.

17  2004).

18    Wells Fargo concedes that both Plaintiff and Cal-Western are

19  citizens of California.  Consequently, if Cal-Western is a

20  properly joined defendant, the Court lacks diversity

21  jurisdiction.  However, Wells Fargo contends that Cal-Western is

22  fraudulently joined.  A fraudulently joined party is ignored for

23  purposes of diversity jurisdiction.  Morris v. Princess Cruises,

24  Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  Joinder of a

25  non-diverse defendant is deemed fraudulent if "the plaintiff

26  fails to state a cause of action against a resident defendant,

27  and the failure is obvious according to the settled rules of the

28  state."  Id.

2

1  There is a general presumption against fraudulent joinder, and
2  the removing defendant has the burden to prove fraudulent joinder
3  by clear and convincing evidence.   Hamilton Materials, Inc. v.
4  Dow Chemical Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).
5  Further, if there is a colorable claims against a party, joinder
6  is not fraudulent.   Charlin v. Allstate Ins. Co., 19 F. Supp. 2d
7  1137, 1140 (C.D. Cal. 1998) (quotations omitted).   Doubtful
8  questions of state law should be determined in state court.   Id.
9       Plaintiff claims that Cal-Western, as a trustee of a deed of
10 trust, fraudulently induced him to purchase a second mortgage at
11 a trustee sale for $47,000.  Specifically, Plaintiff alleges that
12 Cal-Western represented that it was selling the real "property"
13 in question, without disclosing that said property was subject to
14 a first mortgage in the amount of $210,000.  Wells Fargo asserts
15 that the joinder of Cal-Western is fraudulent because a trustee,
16 as a mere agent of the trustor and beneficiary, may not be held
17 individually liable under California law.  In support of its
18 assertion, Wells Fargo cites Mercado v. Allstate Insurance
19 Company for the proposition that an agent or employee is not
20 individually liable as a defendant.[1]  340 F.3d 824, 826 (9th Cir.
21 2003).  Wells Fargo contends that, because Cal-Western was acting
22 as a mere agent, and because an agent cannot be held individually
23 liable, Plaintiff's claim against Cal-Western fails as a matter
24 of law.

25

26      [1] Wells Fargo also cites McCabe v. General Foods Corp.,
   811 F.2d 1336 (9th Cir. 1987) and Charlin v. Allstate Ins. Co.,
27 19 F. Supp. 2d 1137 (C.D. Cal. 1998) for the same proposition.
   However, both cases are distinguishable for the same reasons as
28 Mercado.

1    Wells Fargo's argument is ultimately unpersuasive because

2    <u>Mercado</u> is distinguishable from the instant case.  The holding of

3    <u>Mercado</u> applies to typical employer-employee or agency

4    relationships.  It does not extend to shield a trustee of a deed

5    of trust from individual liability.  Similar to <u>Mercado</u>, a

6    trustee of a deed of trust acts as a "kind of common agent for

7    the trustor and the beneficiary."  <u>Hatch v. Collins</u>, 225 Cal.

8    App. 3d 1104, 1111 (Cal. Ct. App. 1990).  However, such agency is

9    passive, and for the limited purpose of conducting a sale in the

10   event of default, or reconveying the property upon satisfaction

11   of the debt.  <u>Id.</u>

12       Further, in addition to the obligations of a common agent, a

13   trustee has a duty to conduct a trustee sale "fairly, openly,

14   reasonably, and with due diligence, exercising sound discretion

15   to protect the rights of the mortgagor and others."  <u>Id.</u> at 1112

16   (internal quotations omitted).  Breach of said duty may give rise

17   to a cause of action for professional negligence, breach of an

18   obligation created by statute, or fraud.  <u>Id.</u> at 1112-13.  The

19   duty extends to all participants of the sale, including

20   prospective bidders.  <u>Baron v. Colonial Mortgage Service Co.</u>, 111

21   Cal. App. 3d 316, 324 (Cal. Ct. App. 1980).  As a result of the

22   unique obligations and duties of a trustee of a deed of trust,

23   <u>Mercado</u> is inapplicable to the instant case.

24       Plaintiff alleges that Cal-Western committed fraud and

25   deceit in connection with a trustee sale inducing him to buy an

26   allegedly valueless second mortgage.  Such a cause of action is

27   not obviously defective according to the well settled rules of

28   California.

4

1  Because Plaintiff has stated a colorable claim against Cal-
2  Western, Wells Fargo cannot meet its burden to establish
3  fraudulent joinder, and this Court lacks diversity jurisdiction.

4      Based on the foregoing, the case is hereby REMANDED to The
5  Superior Court of the State of California, County of Yolo
6  pursuant to 28 U.S.C. § 1447(c).  The Clerk is ordered to close
7  the case.

8      IT IS SO ORDERED.

9

10 Dated: April 6, 2011

11

12                                    _____
13                                    MORRISON C. ENGLAND, JR.
                                      UNITED STATES DISTRICT JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    5